09-1861-cv
Landmark Dev. Group, LLC v. Town of E. Lyme

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
              GUIDO CALABRESI,
                          <u>Senior Circuit Judge</u>,
              CHRISTOPHER F. DRONEY,*
                          <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
Landmark Development Group, LLC,
Jarvis of Cheshire LLC, Lisa Clemons,
Susan Barlow,
          <u>Plaintiffs-Appellants</u>,

          -v.-                                    09-1861-cv

Town of East Lyme, Wayne L. Fraser,
First Selectman, East Lyme Water &
Sewer Commission, East Lyme Zoning
Commission, Frederick G. Thumm,
Director of Public Works, Margaret
Parulis, Land Use Planner, George
Calkins, Sanitarian,
          <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

---

* Christopher F. Droney, Judge of the United States District Court for the District of Connecticut, sitting by designation.

1

**APPEARING FOR APPELLANTS:** CHRISTOPHER ROONEY, Carmody & Torrance LLP, New Haven, CT (John C. Brittain, Alexandria, VA, on the brief).

**APPEARING FOR APPELLEES:** NICOLE D. DORMAN, Karsten, Dorman & Tallberg, LLC, West Hartford, CT (Deborah Etlinger, Michelle Himes-Wiederschall, Wolf, Horowitz, Etlinger & Case, LLC, Hartford, CT, on the brief).

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs appeal from two orders of the United States District Court for the District of Connecticut (Chatigny, J.), one entered February 5, 2008 denying their motion to amend a scheduled pleading-amendment deadline, and the other entered March 31, 2008 dismissing their complaint for failure to state a claim. Plaintiffs Landmark Development Group, LLC and Jarvis of Cheshire, LLC are real-estate developers who own property in the Oswegatchie Hills area of East Lyme, Connecticut. Their applications to develop it as affordable housing were rejected by municipal authorities. They and others assert, inter alia, § 1983 claims for denial of their federal constitutional rights to substantive and procedural due process, and equal protection. We otherwise assume familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiffs contest the dismissal of their § 1983 claims alleging violation of substantive due process, procedural due process, and equal protection. We review orders dismissing claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure de novo. Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) (per curiam).

As to dismissal of the § 1983 substantive and procedural due process claims, we conclude that there was no error. Plaintiffs were required to allege infringement of a

2

property interest to which they had a "legitimate claim of entitlement." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 576 (1972); see also, e.g., DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 130 (2d Cir. 1998) (applying same requirement to substantive due process analysis). None of the three interests asserted satisfies this requirement.

[1] Plaintiffs had no legitimate claim of entitlement to a sewer-extension permit. Defendants plainly have discretion to deny such permits. E.g., Forest Walk, LLC v. Water Pollution Control Authority, 968 A.2d 345, 353 (Conn. 2009). And this discretion defeats Plaintiffs' claim. See Clubside, Inc. v. Valentin, 468 F.3d 144, 153-54 (2d Cir. 2006) (only if [1] the agency "lacks discretion to deny the permit" or [2] "the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured" and "there was a strong likelihood of issuance," is a claim of entitlement legitimate).

[2] Plaintiffs had no legitimate claim of entitlement to a sewer-connection permit. Though Plaintiffs allege the existence of a "sewer-shed map" that entitles them to such a permit as of right, the municipality's legal discretion to deny it is at least arguable. See, e.g., East Lyme, Conn., Sewer Use & Sewage Disposal Ordinance § 3.15 (Mar. 17, 1991) (granting to the East Lyme Water & Sewer Commission the power to "revoke or annul[]" any sewer-connection permit "for such cause and at such times as the Commission may deem sufficient"). An arguable claim of entitlement is not a "legitimate claim of entitlement." "[U]ncertainty as to the meaning of applicable law . . . suffices to defeat a landowner's claim of entitlement." Clubside, 468 F.3d at 153 (internal quotation marks omitted).

[3] Even crediting Plaintiffs' claim of entitlement to water from the Town of Waterford, Plaintiffs allege no denial of that right by Defendants--only that Defendants "falsely" advised the Zoning Commission that Plaintiffs had no right to access "municipal water." Plaintiffs have thus failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Turkmen, 589 F.3d at 546.

3

As to dismissal of the § 1983 equal protection claim, we likewise find no error.  To succeed on a "class-of-one" equal protection claim, Plaintiffs are required to show an "extremely high degree of similarity" between themselves and a differently treated comparate.  Clubside, 468 F.3d at 159. Plaintiffs cite a "high intensity, multi-family development of 600 units" (Darrell Pond), and a hotel (Konover). Neither is sufficiently similar to Plaintiffs' proposed residential development of "approximately 1,700 units," to permit the "reasonable inference that the defendant is liable for the misconduct alleged," Turkmen, 589 F.3d at 546.  Cf. Clubside, 468 F.3d at 160 (finding, on summary judgment, that 28 single-family homes were insufficiently similar to 288 duplex/triplex townhouses).

Having affirmed the district court's dismissal of Plaintiffs' claims, we need not address Plaintiffs' assignments of error to the order denying their motion to amend the scheduling order.  Thus, finding no merit in Plaintiffs' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4